**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PAUL and KATHLEEN JENNER,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **Civil Action No.:** |
| | ) |
| **CVS, INC. d/b/a CVS CAREMARK** | ) |
| **CORPORATION;** | )    CA10 - 497S |
| **CVS PHARMACY INC.;** | ) |
| **THE STOP & SHOP SUPERMARKET** | ) |
| **COMPANY, LLC; WYETH, INC., d/b/a** | ) |
| **WYETH, LLC; WYETH** | ) |
| **PHARMACEUTICALS, INC.;** | ) |
| **SCHWARZ PHARMA, INC.;** | ) |
| **PLIVA, INC.; BARR PHARMACEUTICALS,** | ) |
| **INC.; ESI LEDERLE INC., n/k/a** | ) |
| **WYTHE PHARMACEUTICALS, INC.;** | ) |
| **TEVA PHARMACEUTICALS, USA INC.;** | ) |
| **and JOHN DOE NO. 1** | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendants Schwarz Pharma, Inc., Wyeth LLC (formerly known as "Wyeth, Inc.", and incorrectly named as "Wyeth, LLC"), and Wyeth Pharmaceuticals Inc. (incorrectly named as "Wyeth Pharmaceuticals, Inc.") (collectively, "Removing Defendants") file this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and state:

**I.      REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY**

1.      On October 15, 2010, Plaintiffs Paul and Kathleen Jenner (collectively, "Plaintiffs") filed this action entitled <u>Paul and Kathleen Jenner v. CVS, Inc. d/b/a Caremark Corporation, et al.</u>, No. PC10-6020, in Providence County Superior Court, Rhode Island.  A copy of the state court complaint is attached as Exhibit A.

{W2094260.1}

2.      Plaintiffs allege that Mr. Jenner incurred "permanent injuries and significant pain and suffering, emotional distress, lost wages and earning capacity, and diminished quality of life" as a result of ingesting the prescription drug metoclopramide ("MCP").  Compl. ¶¶ 1, 49-52, 56, 67.   Plaintiffs assert claims sounding in: (1) negligence, negligent misrepresentation and negligent supply of information for the guidance of others, (2) breach of warranty, (3) misrepresentation and fraud, and (4) strict product liability.  Compl. ¶¶ 140-234.  Mrs. Jenner also asserts a claim for loss of consortium.  Compl. ¶¶ 238-240.  Plaintiffs seek an unspecified and unlimited amount of damages, including punitive damages, as well as other relief.  Compl. ¶¶ 241-45.

3.      Plaintiffs served Schwarz Pharma, Inc. ("Schwarz") with the Summons and Complaint through its registered agent on November 12, 2010.  Plaintiffs served Wyeth Pharmaceuticals Inc. with the Summons and Complaint through its registered agent on November 15, 2010.  Defendant Wyeth LLC has not yet been served.  As a result, this Notice of Removal is brought within the time required by 28 U.S.C § 1446(b) because it has been filed within thirty (30) days of service of the Summons and Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 324, 347-48 (1999) (holding that thirty-day period in which to remove under section 1446(b) runs from formal service of summons and complaint).

## II.      STATUTORY BASIS FOR REMOVAL

4.      This action is removable to this Court under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1441(b) because it involves a dispute between citizens of different States, none of the Defendants properly joined and served are citizens of Rhode Island, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A.     There is Complete Diversity of Citizenship Between the Parties.**

5.      Plaintiffs' Complaint alleges that both Paul and Kathleen Jenner are residents of Weymouth, Massachusetts, in Norfolk County.  Compl. ¶¶ 2-3.  Plaintiffs are, therefore, citizens of Massachusetts for purposes of diversity jurisdiction.

6.      None of the Defendants properly joined and served in this matter are citizens of Massachusetts.

a.  At the time Plaintiffs commenced this civil action, and at all times since, Wyeth LLC (incorrectly named as "Wyeth, Inc. d/b/a Wyeth, LLC") was and is a Delaware Limited Liability Company, and thus has the citizenship of its members for purposes of diversity.  *Carden v. Arkoma Assoc.,* 494 U.S. 185, 187-192 (1989); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).  Wyeth LLC's sole member was (and is) Pfizer LLC.  Pfizer LLC's sole member was (and is) Pfizer Inc.  Pfizer Inc. is a corporation organized under Delaware law with its principal place of business in New York.[1]  Wyeth LLC, therefore, is a citizen of Delaware and New York for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *Pramco,* 435 F.3d at 54-55.[2]

b.  At the time Plaintiffs commenced this civil action, and at all times since, Wyeth Pharmaceuticals Inc. was and is a corporation organized under Delaware law with its principal place of business in Pennsylvania.   Compl. ¶ 11.   Wyeth Pharmaceuticals Inc., therefore, is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

---

[1]  For purposes of evaluating diversity jurisdiction, a corporation is deemed to be a citizen of both the State of its incorporation and the State where its principal place of business is located.  28 U.S.C. § 1332(c)(1).
[2]  At the time of this filing Wyeth LLC has not yet been served with the state court complaint.

c. At the time Plaintiffs commenced this civil action, and at all times since, Schwarz was and is a corporation organized under Delaware law with its principal place of business in Georgia. Schwarz, therefore, is a citizen of Delaware and Georgia for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

d. Pliva, Inc. is alleged to be a corporation organized under New York law with its principal place of business in New Jersey. Compl. ¶ 17. Pliva, Inc., therefore, is a citizen of New York and New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

e. Barr Pharmaceuticals, Inc. is alleged to be a corporation organized under Delaware law. Compl. ¶ 18. Upon information and belief, Barr Pharmaceuticals, Inc. has its principal place of business in New Jersey. Barr Pharmaceuticals, Inc., therefore, is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

f. ESI Lederle, Inc. is alleged to be a corporation organized under Delaware law with its principal place of business in New Jersey.[3] Compl. ¶ 20. ESI Lederle, Inc., therefore, is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

g. Teva Pharmaceuticals USA is alleged to be a corporation organized under Delaware law with its principal place of business in Pennsylvania. Compl. ¶ 22. Teva Pharmaceuticals USA, therefore, is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

h. John Doe No. 1. is sued under a fictitious name; thus, its citizenship is irrelevant for diversity purposes. *See* 28 U.S.C. § 1441(a).

---

[3] ESI Lederle, Inc., a former division of American Home Products Corporation, dissolved on December 15, 1998.

7.     As set forth above, none of the Defendants properly joined and served in this case is a citizen of Massachusetts, and Plaintiffs are Massachusetts citizens.  Thus, complete diversity exists.

8.     Removing Defendants have requested that each of the other Defendants properly joined and served confirm that they are citizens of states other than Massachusetts and Rhode Island in their written consents for removal. These notices are attached hereto as Exhibit B. Because none of the Defendants properly joined and served is a citizen of the State in which the action is brought, removal of this matter is proper under 28 U.S.C. § 1441(b).

**B.     Defendants CVS, Inc., CVS Pharmacy Inc. and Stop & Shop Supermarket Company LLC Have Been Fraudulently Joined.**

9.     Title 28, Section 1441(b) of the U.S. Code provides that cases with federal jurisdiction premised on the complete diversity of the parties "shall be removable only if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b) (emphasis added).  In this case, the citizenship of defendants CVS, Inc., CVS Pharmacy Inc. and The Stop & Shop Supermarket Company LLC (the "Pharmacy Defendants"), should be disregarded for purposes of removal because they have been fraudulently joined. [4]

---

[4]  CVS, Inc. is alleged to be a corporation organized under Rhode Island law with its principal place of business in Rhode Island.  Compl. ¶ 4.  CVS, Inc., therefore, is a citizen of Rhode Island for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

CVS Pharmacy Inc. is alleged to be a corporation organized under Rhode Island law with its principal place of business in Rhode Island.  Compl. ¶ 6.  CVS Pharmacy Inc., therefore, is a citizen of Rhode Island for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

Stop & Shop Supermarket Company LLC ("S&S") is alleged to be a limited liability company, and therefore has the citizenship of its members for purposes of diversity.  Upon information and belief, S&S's sole member is Koninklijke Ahold N.V., a corporation organized under the laws of the Netherlands with its principal place of business located in the Netherlands.  S&S, therefore, is a citizen of the Netherlands for purposes of diversity jurisdiction. *See Pramco*, 435 F.3d at 54-55.  The citizenship of S&S has no impact on diversity or removal. *See* 28 U.S.C. § 1332(a)(3).  Nevertheless, because S&S has been fraudulently joined its citizenship, like that of the

10.     A defendant has been fraudulently joined when "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant[] in state court." *Lawrence Builders, Inc. v. Kolodner,* 414 F. Supp. 2d 134, 137 (D.R.I. 2006) (citing *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 66 (D.R.I. 2002)). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Id.* (citing *Gabrielle*, 210 F. Supp. 2d at 67); *see also Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (observing that a finding of fraudulent joinder includes "an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant").

11.     Plaintiffs assert that the Pharmacy Defendants dispensed Mr. Jenner's MCP prescriptions.  Compl. ¶ 27.  They purport to assert causes of action against those defendants for negligence (Count V); strict product liability (Count VI); joint and several liability (Count VII); and loss of consortium (Count VIII).  Compl. ¶¶ 220 – 245. The gravamen of each of Plaintiffs' claims against the Pharmacy Defendants is that they failed to warn Plaintiffs about the side effects associated with the use of MCP.  *See* Compl. ¶¶ 224, 229.[5]

12.     The Pharmacy Defendants can only be held liable for failing to warn a plaintiff regarding the potential side effects associated with a prescription drug if they had a duty to provide such a warning.   Plaintiffs are alleged to be Massachusetts citizens and nothing in their Complaint suggests any relevant contacts with Rhode Island.  Compl. ¶ 2.   Accordingly, Massachusetts law determines the scope of that duty.  Massachusetts has declined to impose a duty to warn upon a pharmacy under the circumstances as alleged in Plaintiffs' Complaint.

---

CVS defendants, should be disregarded.  *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 67 (D.R.I. 2002) (internal quotations omitted).

[5]  Plaintiffs do not allege that Mr. Jenner's MCP prescription was filled incorrectly.  Compl. ¶ 223.

13.    In *Cottam v. CVS Pharmacy*, the Supreme Judicial Court of Massachusetts held

that "generally, a pharmacy has **no duty to warn** its customers of the side effects of prescription

drugs." 764 N.E.2d 814, 819-20 (Mass. 2002) (emphasis added).  The *Cottam* court concluded

that this rule was grounded in several policy considerations, including the fact that it is the

prescribing physician who is in the best position to decide the information most pertinent to each

particular patient.  *See id.* at 820-21.  Massachusetts has adopted the learned intermediary

doctrine, which provides that a prescription drug manufacturer's duty to warn of risks associated

with its products runs only to the prescribing physician; it is the physician, who is most

knowledgeable about the patient's medical condition and history, that has the duty to warn the

ultimate consumer. *See id.* at 820, 821; *MacDonald v. Ortho Pharm Corp.*, 475 N.E.2d 65, 68

(Mass. 1985).  The *Cottam* court extended this doctrine to pharmacies, concluding that "the

physician is the appropriate person to perform the duty of warning a patient of the possible side

effects of prescription drugs. . . ."[6] *Cottam*, 764 N.E. 2d at 821.  Absent a duty to warn Plaintiffs

on the part of the Pharmacy Defendants, there is no reasonable basis to conclude that Plaintiffs

could establish a cause of action against these defendants in state court.[7]

---

[6]  The *Cottam* court outlined a narrow exception to this general rule in the circumstance where a pharmacy voluntarily assumes a duty to warn by providing a patient with materials that could be interpreted to provide a complete and comprehensive list of all known side effects regarding a particular drug, but then omits specific warnings included in the manufacturer's drug labeling. *See Cottam*, 764 N.E.2d at 821-23.  The Complaint contains no such allegations against the Pharmacy Defendants.   To the contrary, Plaintiffs allege that the Pharmacy Defendants failed to include "patient package inserts, warnings, counseling and information" with the pill bottles dispensed.   Compl.   ¶ 222.   Plaintiffs do not purport to have read any information allegedly provided by the pharmacies.  Nor is there any allegation is made that the pharmacy added labeling that did not come from the MCP manufacturer.  *See* Compl. ¶ 223 (alleging that the pills dispensed were "unchanged from the original retail package of the manufacturer").

[7]  Even assuming *arguendo* that Rhode Island law applied, the analysis would not be altered.  Rhode Island likewise has indicated that it would apply the learned intermediary doctrine in product liability lawsuits involving prescription drugs.  *See Hodges v. Brannon*, 707 A.2d 1225, 1227-28 & n.6 (R.I. 1998) (upholding jury instructions in pharmaceutical products liability case reflecting application of learned intermediary doctrine requiring drug manufacturer to adequately warn prescribing physician about potential side effects).  There is nothing to suggest that Rhode Island would decline to follow other courts from across the country that have held that a pharmacist has no general duty to warn of the side effects or risks associated with prescription drugs. *See, e.g., Walls v. Alpharma USPD, Inc.*, 887 So.2d 881, 886 (Ala. 2004); *Happel v. Wal-Mart Stores, Inc.*, 766 N.E.2d 1118 (Ill. App. Ct. 2002);

14.     The Pharmacy Defendants therefore have been fraudulently joined.  As such, their citizenship should be disregarded and is not an impediment to removal under 28 U.S.C. § 1441(b) or 28 U.S.C. § 1332(a)(1).

**C.     The Amount in Controversy Requirement is Satisfied.**

15.     Pursuant to Rhode Island law, Plaintiffs did not specify the amount of damages they seek to recover.  *See* G.L.R.I. 9-1-30(a) ("No complaint or pleading in an action of . . . tort for personal injury . . . shall contain an ad damnum or monetary amount claimed against any defendant or defendants").  Nevertheless, the amount in controversy requirement is met based upon Plaintiffs' allegations of injuries and their requested relief.

16.     "[W]here the complaint does not contain a specific monetary amount, the defendant must show by a preponderance of the evidence that the amount in controversy satisfies the minimum jurisdictional amount for diversity cases." *Gabrielle*, 210 F. Supp. 2d at 65 (citing *Ondis v. Cox Commc'ns Rhode Island,* C.A. No. 99-318 ML, Memorandum and Order at 8 (D.R.I. Mar. 30, 2000) (Martin, M.J.)).  In order to meet its burden, a removing defendant must show by a preponderance of the evidence that the "reasonable value of the rights being litigated" exceeds $75,000. *Id.* (citing *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)).  Here, it is facially apparent based upon the injuries alleged in the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. *See id.*

17.     Plaintiffs allege that, as a result of ingesting MCP, Mr. Jenner has "suffered severe and permanent injuries, which he will be forced to endure for the remainder of his life,"

---

*Moore v. Memorial Hospital*, 825 So. 2d 658, 664 (Miss. 2002); *In re Rezulin Prods. Liab. Litig.*, 133 F.23d 272, 288-89 (S.D.N.Y. 2001); *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W. 2d 455, 466 (Tex. App. 2000); *In re: New York Diet Drug Litigation*, 262 A.D. 2d 132 (N.Y. App. Div. 1999); *Coyle v. Richardsson-Merrell, Inc.*, 584 A,2d 1383, 1384 (Pa. 1991); *Nichols v. Central Merchandise, Inc.*, 817 P. 2d 1131 (Kan. Ct. App. 1991) *McKee v. Amer. Home Prods. Corp.*, 782 P.2d 1045, 1051-55 (Wash. 1989); *Adkins v. Mong*, 425 N.W. 2d 151 (Mich. Ct. App. 1988); *Pysz v. Henry's Drug Store*, 457 So. 2d 561 (Fla. App. 4th Dist. 1984); *Batiste v. American Home Products Corp.*, 231 S.E. 2d 269 (N.C. Ct. App. 1977); *Ramirez v. Richardson-Merrell, Inc.*, 628 F. Supp. 85 (E.D. Pa. 1986) (applying Pennsylvania state law).

Compl. ¶ 245, including "abnormal, repetitive and involuntary movements of his mouth, tongue, torso, jaw, hands, arms, feet and/or legs," Compl. ¶ 52. Among other things, Plaintiffs contend that those injuries prevent Mr. Jenner from performing normal work duties. *See* Compl. ¶¶ 58-59. Furthermore, Plaintiffs aver that Mr. Jenner "has experienced and will continue to experience medical and related expenses, loss of ability to provide household services, disfigurement, disability, pain, suffering, psychological injury, and other injuries and damages due to the prescription and ingestion of Reglan/MCP." Compl. ¶ 77; *see also* Compl. ¶ 73 (asserting "Plaintiff requires and will require health care and services, and has incurred and will continue to incur medical and related expenses," and that "Plaintiff has suffered and will continue to suffer indirect costs, including diminished quality of life, physical and emotional pain and suffering; and direct medical costs for follow-up care, including hospitalizations, treatment and other medical care"). Where the plaintiff has alleged serious injuries as in this case, courts have concluded the amount in controversy requirement has been met. *See Gabrielle*, 210 F. Supp. 2d at 65 (holding that amount in controversy exceeded $75,000 based on plaintiffs' allegations of bodily and psychological injuries that required medical attention, and allegations that plaintiffs' disabilities would continue indefinitely).

18.    Plaintiffs also seek punitive damages, alleging that Defendants have engaged in "willful, wanton, malicious, and reckless" conduct. Compl. ¶¶ 242-43. When punitive damages are requested, they may be considered in establishing the requisite amount in controversy. *See Antonucci v. Cherry Hill Manor*, No. Civ. A. 06-108ML, 2006 WL 2456488, at *2 n.1 (D.R.I. Aug. 22, 2006) (finding amount in controversy to "easily exceed" the jurisdictional amount considering the plaintiff's request for punitive damages, $27,000 in lost wages, compensatory damages, and attorney fees and costs).

19.    Other federal courts addressing virtually identical claims for injuries arising out of the use of the same prescription drug have concluded that the amount-in-controversy requirement was satisfied. For example, one federal court addressing similar claims in a MCP case found that "[p]laintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000." *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand). Likewise, another federal court recently held that the amount-in-controversy requirement was satisfied in an MCP case where plaintiff alleged that she suffered from a "severe and permanent movement disorder," that had caused her to experience symptoms including "involuntary and uncontrollable movements of the head, neck, face, arms, legs and/or trunk." *Overton v. Wyeth, Inc.*, No. 10-00491-KD-C, 2010 WL 4716972, at *1 (S.D. Ala. Nov. 15, 2010), *adopting report and recommendation*, 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010). Several other courts have similarly rejected plaintiffs' attempts to remand MCP cases removed to federal court. *See, e.g., Fisher v. Pelstring*, No. 4:09-252-TLW-TER (D.S.C. Sept. 29, 2009) (order denying motion to remand); *Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (denying motion to remand); *Cousins v. Wyeth Pharm., Inc.*, No. 3:08-CV-00310-N (N.D. Tex. Apr. 18, 2008) (order denying motion to remand).

20.    Thus, Plaintiffs' claims in this case seeking recovery for serious and permanent physical injuries, economic injuries, and punitive damages, further demonstrates that the amount in controversy of this matter exceeds $75,000, exclusive of interest and costs.[8]

21.    Removing defendants have therefore established that the amount in controversy exceeds $75,000, exclusive of interest and costs. Due to the nature of the injuries that Plaintiffs

---

[8] Mrs. Jenner likewise alleges that she has suffered significant injury as a result of her husband's ingestion of MCP. Compl. ¶ 239.

claim, and their prayer for compensatory and punitive damages, it is clear the amount-in-controversy requirement has been met. *See Gabrielle,* 210 F. Supp. 2d at 65.

### III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

22.    The above described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it involves a dispute between citizens of different States, none of the Defendants properly joined and served is a citizen of Rhode Island, and the amount-in-controversy requirement is satisfied.

23.    All of the properly joined and served Defendants consent to this removal.  True and accurate copies of these consents are attached hereto as Exhibit B.

24.    Venue for removal is proper in this district and under 28 U.S.C. §§ 120 and 1441(a) because this district embraces Providence County, Rhode Island, where this action is currently pending.

25.    In accordance with 28 U.S.C. § 1446(d), Removing Defendants have given written notice of the filing of this Notice of Removal to Plaintiffs' counsel and will file a copy of this Notice of Removal with the Clerk of the Providence County Superior Court, Rhode Island. A copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit C and incorporated herein by this reference.  A file-stamped copy of the Notice of Filing of Notice of Removal will be filed with this Court when received by Removing Defendants.

WHEREFORE, Removing Defendants hereby remove this case from the Providence County Superior Court, Rhode Island to this Court.

by: _____

**PIERCE ATWOOD LLP**
Brooks R. Magratten (#3585)
10 Weybosset Street
Suite 400
Providence, RI 02903
Tel.:  401-588-5113
Fax:  401-588-5166
bmagratten@pierceatwood.com

*Counsel for Defendant Schwarz Pharma, Inc.,*
*Wyeth Pharmaceuticals Inc. and Wyeth LLC*

- and -

*Of Counsel*

**MAYER BROWN LLP**
Henninger S. Bullock
Andrew J. Calica
1675 Broadway
New York, NY 10019
Tel.:  (212) 506-2500
Fax:  (212) 262-1910
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Counsel for Defendant Schwarz Pharma, Inc.*

- and -

*Of Counsel*

**IRWIN FRITCHIE URQUHART & MOORE LLC**
Quentin Urquhart, Jr.
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Tel.: (504) 310-2100
Fax: (504) 310-2101

*Counsel for Defendants*
*Wyeth LLC and Wyeth Pharmaceuticals Inc.*

- and –

*Of Counsel*

**CLARK, THOMAS & WINTERS, P.C.**
Kelly R. Kimbrough
P.O. Box 1148
Austin, Texas 78767
Tel.: (512) 472-8800
Fax: (512) 474-1129

*Counsel for Defendants*
*Wyeth LLC and Wyeth Pharmaceuticals Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2010, I served on the below named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid.

Donald A. Migliori, Esq.
Vincent L. Greene, Esq.
Leah J. Donaldson, Esq.
Motley Rice LLC
321 South Main Street, Suite 200
Providence, RI 02903

Henninger S. Bullock, Esq.
Andrew J. Calica, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019

David F. Miceli, Esq.
John J. Foley, Esq.
Simmons Browder Gianaris Angelides &
   Barnerd LLC
707 Berkshire Blvd.
East Alton, IL 62024

Quentin Urquhart, Jr.
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

Paul Hanley, Esq.
Hanley Conroy Bierstein Sheridan Fisher
  & Hayes LLP
112 Madison Avenue
New York, NY 10017-1111

Kelly R. Kimbrough, Esq.
Clark Thomas & Winters, P.C.
P.O. Box 1148
Austin, TX 78767

Richard A. Oetheimer, Esq.
John B. Daukas, Esq.
Sarah K. Frederick, Esq.
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

Robert Weisberger, Esq.
Edwards Angell Palmer Dodge, LLP
One Financial Plaza, Suite 2800
Providence, RI 02903-2407

Adam G. Cohen, Esq.
Davids & Cohen, PC
40 Washington Street, Suite 20
Wellesley, MA 02481

Mark T. Nugent, Esq.
Thomas M. Robinson, Esq.
Morrison Mahoney, LLP
10 Weybosset Street, Suite 900
Providence, RI 02903

Matthew V. Brammer, Esq.
Tiffany Reece Clark, Esq.
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202